

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John R. Shook  
Criminal District Attorney  
San Antonio, Texas

Dear Sir:

Attention: Honorable Jay Sam Levey

Opinion No. O-4250  
Re: Is it necessary for the commissioners' court to advertise for bids in the sale of hospital bonds to be issued by Bexar County?

We acknowledge receipt of your opinion request of recent date, and quote from your letter as follows:

"The County Judge of Bexar County has requested an opinion concerning several questions relating to the issuance of $285,000.00 Bexar County Tubercular Hospital Bonds approved by your Department, and we wish to refer the following questions to you:

"1. Is it necessary for the Commissioners' Court to advertise for bids in the sale of hospital bonds to be issued by Bexar County?

"2. Is the Commissioners' Court authorized to require bidders desiring to purchase such hospital bonds to make the affidavit provided for by Article 2367 of the R.C.S. of Texas?

"3. Is the County Judge required to officially sign bonds issued by the Commissioners' Court after having been favorably voted upon by the qualified voters of Bexar County in a bond election, although he may be opposed to the issuance of the bonds or to the method of their contemplated disposition?

Honorable John R. Shook, Page 2

"4. Is the filing of a single bid, joined
in by some seven or eight different individuals
or firms, a violation of the laws relating to
trusts and conspiracies against trade as the
same are defined by Articles 1632 and 1934 of
the Penal Code and Articles 7426 and 7428 of
the R. C. S. of Texas?"

Your first question is answered in the negative. We
have been unable to find any statutory requirement for requesting
or advertising for bids in the sale of county hospital bonds. The
only statutory requirement as to sale price being Article 708,
Vernon's Annotated Civil Statutes, which reads as follows:

"Bonds shall never be sold at less than
their par value and accumulated interest, ex-
clusive of commissions."

In the absence of specific statutory provision, it is
our opinion that there is no requirement that bids be advertised
or requested in order for a county to sell county hospital bonds.

In reply to your second question we advise that we know
of no reason why the Commissioners' Court could not advertise or
request bids in a sale of county hospital bonds, even though it
is not required by statute. In our opinion, the Commissioners'
Court may impose whatever reasonable requirements it sees fit,
which may include the affidavit required by Article 2367, Re-
vised Civil Statutes.

In reply to your third question we advise that Article
724, Revised Civil Statutes, provides that bonds shall be signed
by the County Judge and countersigned by the County Clerk and
registered by the County Treasurer before delivery. The County
Judge, being a member of the Commissioners' Court, is governed
by a majority of the court. Once the Commissioners' Court has
acted, we believe it becomes the ministerial duty of the County
Judge to sign the bonds which are issued, whether or not he favors
the issuance of said bonds. Simpson vs. Williams R.H.S.D., 153
S.W. (2d) 252; Orr vs. Marrs, 47 S.W. (2d) 440.

In reply to your fourth question we advise that the
question of whether or not a joint bid violates the Anti-trust
laws of Texas depends largely on the motive of the party joining
in the bid. It is impossible to determine from the facts sub-
mitted whether or not this particular bid violates the Anti-trust
laws of Texas.

Honorable John R. Shook, Page 3


We call your attention to the case of Daily v. Ellis, 66 S. W. 586, which we believe clearly sets out the law of this State in regard to joint bids.

Trusting that this answers your questions, we are

APPROVED JAN 5, 1942

ASSISTANT
GENERAL

COB-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant